RULEY, JUDGE:
Pursuant to the provisions of West Virginia Code, Chapter 14, Article 2, Sections 13 (3) and 18, Miles E. Dean, Commissioner of the Department of Finance and Administration, has filed a petition seeking an advisory determination respecting the claim of Edward L. Nezelek, Inc., a corporation, based upbn the following facts.
By a duly executed purchase order dated August 20, 1976, the Department of Mental Health (now the Department of Health) entered into a contract with Nezelek by which Nezelek became obligated to complete the first phase of construction of a Central Mental Health Complex near Pocatalico in Kanawha County for the sum of $5,851,000.00. The total cost of the project was estimated to be $25,000,000 to $30,000,000 excluding the cost of necessary roads and bridges. It is undisputed that the parties entered into the contract in good faith. The contract provided that it was to be performed within 470 working days after August 20, 1976. Several months later, an administrative determination to the effect that the contract should be cancelled was made, and that determination was communicated to Nezelek by letter dated March 4, 1977, from Mr. Dean. The reasons assigned for such determination were: that the isolated location of the complex was not suitable for its intended purpose and was in conflict with the concept of community health centers that were being constructed in other parts of the state: that the location was not served by water, sewer, or other utilities; that the location was not served by a public means of transporta *75 tion; that the location would have required road construction involving two river crossings estimated to cost $5,300,000; and that the nature of the commitment, once the project was under way, was substantially greater than that which had .been either contemplated or funded. Notwithstanding those reasons, it is the opinion of this Court, and it is conceded by the petitioner and the Agencies involved, that the cancellation constituted a breach of contract entitling Nezelek to recover its resulting damages. By the time the contract was cancelled, Nezelek had entered subcontracts for various parts of the work and materials which have resulted in obligations from it to thirty-four different subcontractors. Litigation in prosecution of some of those subcontract claims presently is pending against Nezelek. Nezelek had been paid the sum of $164,589.00 for part of its work done before the contract was cancelled. Specifically, the petitioner now seeks an advisory determination approving payment of a settlement or compromise in the sum of $439,004.92, which has been negotiated with Nezelek subject to such approval. It appears that such sum is substantially less than Nezelek would seek to recover if it were prosecuting its claim in this Court. It has been estimated reliably that Nezelek will expend $355,604.92 in settling the claims of its subcontractors, and, if that is correct, it will leave $83,400.00 to Nezelek for its own costs and expenses. In any event, it has been acknowledged that Nezelek will have the sole responsibility for settling subcontractors’ claims. The applicable measure of damages is set forth in 3A Michie’s Jurisprudence, “Building Contracts”, §30, pages 494-5, as follows:
“A contractor under a building contract who, after having performed a portion of the contemplated work, is prevented from completing the same by the owner, or is justified in his abandonment thereof by the owner, may recover not only the value of the labor and materials bestowed upon the property and expenses necessarily incident to the work done and provided for in the contract, but also such profits as he could have made if he had been permitted to complete the work.”
The Court does not have before it all of the facts necessary to apply that measure to this case, but it certainly appears prob *76 able and it is the plain representation of the petitioner that the sum thus computed would exceed the proposed settlement. Accordingly, it is the determination of this Court that the approval sought by the petitioner should be, and it is hereby, granted, and the petitioner is advised that the sum of $439,004.92 should be paid to Nezelek in full discharge of all obligations under the contract. The Clerk is directed to file this advisory opinion and to transmit a copy thereof to petitioner.